UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BARBARA BAYS & JEFFREY
BAYS, as Co-Personal
Representatives of the ESTATE OF
SHANE BAYS, Deceased,

        Plaintiffs,

v

COUNTY OF MONTMORENCY,
ET AL,

        Defendants.

HON. ROBERT H. CLELAND
U.S. DISTRICT COURT JUDGE

FILE NO.
2:15-cv-10534-RHC-MJH

_____/

| | |
|---|---|
| Matthew L. Turner (P48706) | Haider A. Kazim (P66146) |
| Michelle D. Trent (P77102) | Gregory R. Grant (P68808) |
| SOMMERS SCHWARTZ, P.C. | CUMMINGS, McCLOREY, DAVIS |
| Attorneys for Plaintiffs | & ACHO, P.L.C. |
| One Towne Square, 17th Floor | Attorneys for Defendants |
| Southfield, MI 48076 | 400 W. Front Street, Ste. 200 |
| (248) 355-0300/(248) 936-1973 Fax | Traverse City, MI 49684 |
| mtrent@sommerspc.com | (231) 922-1888/(231) 922-9888 Fax |
| mturner@sommerspc.com | hkazim@cmda-law.com |
| | ggrant@cmda-law.com |

_____/

## STIPULATED PROTECTIVE ORDER

    NOW COME the parties by and through their respective counsel and hereby

stipulate and agree that the parties enter into the following Stipulated Protective

Order:

    1.    All confidential Documents (as defined herein) produced by any Party

in this action shall remain confidential unless such document is presented to the opposing Party(ies) under the following procedures: The requesting Party shall provide notice to the opposing Party(ies) that it/they intend to use and publicly release (non-sealed) certain "defined" Document(s) in support of a pleading or motion.   After such notice by the proponent Party, the opposing Party shall have five (5) business days from the date of receipt of said notice to submit a written objection to such disclosure. If the opposing Party does object in writing within the time period, the Parties shall act in good faith to resolve the objection without resort to filing a motion. If the Parties cannot come to a resolution within 7 days, the opposing Party shall be obligated to file an appropriate motion with the Court within ten days.   The Document(s) shall remain confidential until a proper motion is filed and there is a further order from the Court.

For use of confidential Documents (as defined herein) in a non-Party deposition, the Document(s) may be used within the deposition despite any designation by the Parties.  If a Party opposes attaching the Document(s) as an exhibit(s) to the transcript, that Party shall be obligated to file an appropriate motion with the Court within ten days.   The Document(s) shall not be attached as an exhibit(s) until a proper motion is filed and there is a further order from the Court.

2.     Documents as "defined" and included in this Stipulated Protective

Order shall include:

    a.    Personnel and employment records, including but not limited to, disciplinary records, of Montmorency County Sheriffs Department employees, including but not limited to, the individual Defendants;

    b.    Policies and procedures of Montmorency County Sheriffs Department;

    c.    Any video surveillance footage of the Montmorency County Jail that may be relevant to any claims and defenses in this case;

    d.    Any documents which are exempt from disclosure under the Michigan Freedom of Information Act, MCL 15.231 *et seq.*

    e.    No documents subject to disclosure under the Michigan Freedom of Information Act, MCL 15.231 et seq., are confidential under this Order irrespective of any designation by the Parties.

3.    The designation of material as confidential for purposes of this Order shall be made by affixing the legend "Confidential" to each page containing any confidential Document.

4.    Allowable disclosure of any such confidential Document covered by this Stipulated Protective Order shall be limited to: (a) Counsel of Record and their staff, (b) Parties to this action, (c) expert witnesses unless otherwise ordered by this Court, and (d) non-testifying consultants hired by Counsel of Record.

5.    For purposes of this litigation, a non-testifying consultant is anyone who is not qualified or retained as a testifying expert, but who various aspects of the case are discussed with for purposes of contributing to counsel's conclusions and/or

legal theories.  All confidential Documents (as defined herein) provided by any party in this action to a non-testifying consultant made be done so under the following procedure:   The names of all non-testifying consultants whom have been provided confidential Documents (as defined herein) will be maintained on a list belonging to the Party using the consultant(s).  In addition, the non-testifying consultant(s) must sign a document stating that (s)he has been shown this Protective Order and s(he) agrees to be bound by it.   In the event any confidential Document(s) are publicly disseminated, the Court shall promptly be provided a copy of the list for purposes of in camera review to determine which non-testifying consultant is in violation of the Order.

6.      All confidential Documents disclosed by the Parties, along with all copies thereof, shall be returned to the respective Parties' counsel of record upon completion of the above-captioned case, including final appeal, to the extent that the same are not disclosed under the terms hereof and which are not used as an exhibit at trial of this matter. Additionally, any Document that has been converted to an attorney work product will not be required to be returned at the conclusion of the above-captioned case and must be promptly destroyed.

7.      This Order has no effect upon, and shall not apply to the use by a party

of its own confidential Documents for any purpose. However, should a party

disclose its own confidential Documents, it shall no longer be subject to this Order.

8.      This Order shall not apply to any information acquired by third party

sources or documents/information previously disclosed in this litigation or known to

the parties or the public.

Dated:   October 5, 2015                    SOMMERS SCHWARTZ, P.C.


                                             /s/ Michelle D. Trent
                                            Matthew L. Turner (P48706)
                                            Michelle D. Trent (P77102)
                                            Attorneys for Plaintiffs
                                            One Towne Square, 17th Floor
                                            Southfield, MI 48076
                                            (248) 355-0300/(248) 936-1973 Fax
                                            mtrent@sommerspc.com
                                            mturner@sommerspc.com


Dated: October 5, 2015                      CUMMINGS, McCLOREY, DAVIS
                                                  & ACHO, P.L.C.


                                             /s/ Haider A. Kazim
                                            Haider A. Kazim (P66146)
                                            Gregory R. Grant (P68808)
                                            Attorneys for Defendants
                                            400 W. Front Street, Ste. 200
                                            Traverse City, MI 49684
                                            (231) 922-1888/(231) 922-9888 Fax
                                            hkazim@cmda-law.com
                                            ggrant@cmda-law.com

## ORDER

At a session of said Court held at the
United States District Court, Eastern
District of Michigan this  12th day of
  October, 2015

PRESENT:  ROBERT H. CLELAND
                     U.S. DISTRICT COURT JUDGE

IT IS HEREBY ORDERED that all documentation that is disclosed in this

litigation as referenced in the attached Stipulation shall not be disclosed to any other

individuals other than counsel of record, parties and expert witnesses to this matter.

Further, any dispute concerning the disclosure and/or use of documents

designated as confidential shall be resolved as set forth in the attached Stipulation.

Further, that the referenced materials be returned to undersigned counsel upon

completion of the above-captioned case, or as otherwise set forth in the attached

Stipulation.

s/Robert H. Cleland
ROBERT H. CLELAND, U.S. District Court
Judge
Dated:   October 12 , 2015