**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BARBARA BAYS, *et. al.*,

    Plaintiffs,

v.                                                 Case No. 15-10534

COUNTY OF MONTMORENCY, *et.al.*

    Defendants.

                                                /

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Before the court is Plaintiffs' motion to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a). Plaintiffs filed their original complaint on February 11, 2015, seeking money damages for the wrongful death of their son, Shane Bays, during his detention at the Montmorency County Jail. (Dkt. # 1.) On March 28 2013, Shane had been arrested for operating a motor vehicle with a suspended license and was incarcerated in the county jail until he committed suicide on April 23, 2013. (*Id.* at Pg. ID 5.) Plaintiffs contend that due to their son's prior history of incarceration, the Defendants were well aware of Shane's history of mental illness, and thus violated the Eighth and Fourteenth Amendments by denying him mental health treatment. (*Id.* at Pg. ID 7-9.)

Defendants amended their complaint on September 23, 2015 pursuant to a stipulated order. (Dkt. ## 22, 23). According to the court's Scheduling Order filed two days later, Plaintiffs had until January 19, 2016 to move to add an allegedly indispensable party under Rule 19. Having failed to comply with that deadline, Plaintiffs

now seek the court's leave to file a second amended complaint in order to add Lieutenant Michael Braun as a party to this litigation on the basis of new evidence that allegedly came to light during the deposition of Lauren Taurianen on January 29, 2016. Defendants have responded, and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant Plaintiffs' motion.

## I. STANDARD

Rule 15 governs when a pleading may be amended. After twenty-one days of serving a pleading or service of a responsive pleading, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15 (a)(1)–(2). Courts "should freely give leave when justice so requires." *Id.* Leave should be freely given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Whether an amendment is granted is subject to the district court's discretion. *Id.*

## II. DISCUSSION

Defendants argue that two of the *Forman* factors, undue delay and futility, are present in this case. First, Defendants claim that there has been undue delay in filing this motion because Plaintiffs allegedly could have named Braun as a party to this litigation as early as July 2015 after reviewing Defendants' Rule 26(a)(1) disclosures

and other documents which named Braun as the Jail Administrator, and indicated that Defendants expected him to testify about

> the events and circumstances concerning the last incarceration of Plaintiff's [sic] decedent, Shane Bays, at the Mortmorency County Jail, information related to the investigation into the death of Plaintiffs [sic] decedent, his knowledge regarding his interactions with Plaintiff s [sic] decedent, relevant policies and procedures of the Montmorency County Sheriff's Department, and any other matters pertinent to this lawsuit.

(Dkt. # 31, Pg. ID 321.) The court disagrees.

"In balancing the equities in this matter, it must initially be noted that delay alone is an insufficient reason to deny a motion to amend." *Minor v. Northville Pub. Schools,* 605 F. Supp 1185, 1201 (E.D. Mich. 1985) (Cohn, J.). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Head v. Jellico Hous. Auth.,* 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). The court must weigh the Plaintiffs' reasons for delay against the prejudice the Defendants are likely to suffer." *Fax Agency, Inc. v. E.R.J. Ins. Group, Inc.*, No. 11-15343, 2013 WL 1664298, at *1 (E.D. Mich. April 17, 2013) (Drain, J.). The shorter the period of unexplained delay, the more will be required of the nonmoving party to show prejudice. *Cf. Minor,* 605 F. Supp. at 1201 (stating the inverse).

Despite Defendants' claims to the contrary, the Rule 26(a)(1) disclosures and other documents provided to Plaintiffs were insufficient to justify a cause of action against Braun on their own. Braun's alleged involvement in the decedent's suicide did not fully come to light until the deposition of Officer Lauren Taurianen on January 28-29, 2016. Plaintiffs immediately informed Defendants of their intention to seek leave to

3

amend, and waited just ten days to file the instant Motion. (Dkt. # 30, Pg. ID 260.) Defendants claim that "Lt. Braun would be prejudiced because he would be deprived of adequately defending the claims against him if he is added to this case," but that seems unlikely. As an employee of Montmorency County Jail, Braun will probably be represented by the same Defense Counsel as the other Defendants—meaning his attorney is already involved in discovery. Even if he isn't, his personal attorney can easily obtain copies of the deposition transcripts and other documents already produced and familiarize himself with the details of the case quickly. Accordingly, the burden on the Defendants seems too slight to deny Plaintiffs' Motion, especially given the relatively brief delay.

Second, Defendants claim that Plaintiffs' proposed amendment "would be futile because (1) Braun is entitled to qualified immunity because there are no allegations that he knew Bays was suicidal, and (2) there is no clearly established right to suicide prevention measures." (Dkt. # 31, Pg. ID 322.) Defendants' arguments are immaterial. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000). While it is true that an amendment seeking to add a Defendant who would be entitled to qualified immunity is subject to dismissal, *see Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.,* 32 F.3d 989, 995-96 (6th Cir. 1994) (denying motion to amend as futile where defendants would be entitled to qualified immunity), Defendants have not met their burden of demonstrating that Braun merits qualified immunity in this case.

Qualified immunity "involves a two-fold inquiry: First, '[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's

4

conduct violated a constitutional right? . . . [T]he next, sequential step is to ask whether the right was clearly established.'" *Barber v. Overton*, 496 F.3d 449, 453 (6th Cir. 2007) (quoting *Saucier v. Katz*, 553 U.S. 194, 201 (2001)). Under *Pearson v. Callahan*, a court may address either of these steps first. 555 U.S. 223, 236 (2009). Plaintiffs bear the burden of showing the rights violated were clearly established, but Defendants bear the burden of demonstrating that "the challenged act was objectively reasonable in light of the law existing at the time." *Everson*, 556 F.3d at 494 (citations omitted).

The Sixth Circuit has clearly established that "[i]f a prisoner asks for and needs medical care"—including general "psychological help"—"it must be supplied," and failure to do so constitutes deliberate indifference in violation of the Fourteenth Amendment.[1] *Danese v. Asman,* 875 F.2d 1239, 1244 (6th Cir. 1989); *see also Horn v. Madison Cty.,* 22 F.3d 653, 660 (6th Cir. 1994) ("A detainee's psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies . . . . Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs is essential to a finding of deliberate indifference."). Furthermore, in the case at hand, Plaintiffs have pleaded sufficient facts to establish that Braun acted with said deliberate indifference for the purposes of a Rule

---

[1] Defendants erroneously rely on the recent, per curiam Supreme Court decision *Taylor v. Barkes,* 135 S.Ct. 2042, 2044 (2015), to argue that "there is no clearly established right to suicide prevention measures in prisons." (Dkt. # 31, Pg. ID 326.) *Barkes* is distinguishable from the case at hand because, unlike here, it was "undisputed that neither petitioner had personally interacted with [the decedent] *or knew of his condition before his death.*" *Barkes,* 135 S.Ct. At 2043. The Court specifically discussed the impact of foreknowledge, observing that the Third Circuit may have clearly established when prison officials "'know . . . of the particular vulnerability to suicide of an inmate' they have an obligation 'not to act with reckless indifference to that vulnerability.'" *Taylor v. Barkes,* 135 S.Ct. at 2045 (quoting *Colburn v. upper Darby Twp.,* 838 F.2d 663, 669 (3d Cir. 1998).

12(b)(6) motion.[2] For example, they claim that "[o]n at least one occasion, [the decedent] asked Defendant TAURIANEN for mental health treatment" and that "Defendant TAURIANEN informed Defendant BRAUN of [this] request for mental health." (Dkt. # 30-4, Pg. ID 282.) Braun then allegedly "showed deliberate indifference to [the decedent's] mental health request by failing to provide [him] with Mental Health treatment in a timely manner." (Dkt. # 30-4, Pg. ID 282.) As such, Plaintiffs' proposed amendment is not futile.

### III. CONCLUSION

IT IS ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. # 30) is GRANTED. Plaintiff is DIRECTED to file his amended complaint by May 6, 2016. The court expects Defendants' present counsel to ACCEPT service on behalf of Lieutenant Michael Braun and FILE an answer by no later than 5/27/2016.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: May 2, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 2, 2016, by electronic and/or ordinary mail.

---

[2] The court refrains from deciding the qualified immunity question outright. Nothing in this order should be construed as foreclosing the possibility that, with the aid of discovery, Defendants' could prove at some future stage of litigation that Braun is actually entitled to qualified immunity.

6

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522