UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA BAYS, *et al.*,

    Plaintiffs,

v.                                                  Case No. 15-10534

MONTMORENCY, COUNTY of, *et al.*,

    Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION**

The factual background of this action is set out at length in the court's November 16th opinion and order (Dkt. # 55, Pg. ID 1411-15), familiarity with which is presumed. Now before the court is Plaintiffs' Motion for Reconsideration, arguing that the court erred in its holding that "[b]ecause Plaintiff[s] ha[ve] failed to point to evidence in the record by which a reasonable jury could find that [Defendant Montmorency County] failed to provide adequate training, the county is entitled to summary judgment." (Dkt. # 56, Pg. ID 144 (quoting Dkt # 55, Pg. ID 1434).) For the reasons that follow, the court will deny Plaintiffs' motion.

Subject to the court's discretion, a motion for reconsideration may be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). The court will not grant motions for reconsideration that "merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

In support of their motion, Plaintiffs point to Defendant Nurse Donna Sigler's deposition testimony that "she had no training in psychology, mental health or suicide prevention" and that "she is not trained to diagnose or treat mental illness." (Dkt. # 56, Pg. ID 1445.) Plaintiffs argue that their cited testimony "satisfied their initial burden of identifying evidence which they believe shows an absence of a genuine issue of material fact as to the jail's failure to satisfy their [sic] constitutional obligation to train the jail nurse regarding responding to serious mental health conditions." (*Id.* (citing *Celotex Corp. V. Catrett*, 477 U.S. 317, 324 (1986).) The court disagrees.

Plaintiffs misapprehend the nature of the "training" relevant to a failure to train theory of liability under *Monell v. Dept. of Soc. Servs. City of New York*, 436 U.S. 658, 694 (1978). In rare cases, Plaintiffs may demonstrate a county or municipality's deliberate indifference by showing a failure to train and supervise employees about "their legal duty to avoid violating citizens' rights" that rises to the level of official policy. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). The relevant question under this line of cases is not whether the county adequately trained Sigler in the minutiae of diagnosing and treating mental illness, but whether the county failed to train her regarding "the constitutional dimensions of care in a prison environment." *Shadrick v. Hopkins Cnty, Ky.* 805 F.3d 724, 743 (6th Cir. 2015).

The record shows that the jail's policy and training regarding the provision of mental health treatment was for a nurse in Defendant Sigler's position to refer an inmate in need to Community Mental Health ("CMH"), with which the jail maintained a relationship, through Nurse Amy Pilarski, to coordinate treatment. (Dkt. # 49-6, Pg. ID 1149-51.) Plaintiffs have acknowledged the existence of this policy. (Dkt. # 44, Pg. ID

2

599 ("Because [Sigler] is not qualified to provide mental health treatment, if she believed that an inmate required mental health treatment, or if an inmate requested mental health treatment, she was to contact Nurse Pilarski at CMH, who was trained and qualified to treat mental illness.") Plaintiffs have not challenged the constitutionality of the referral policy. To the contrary, Plaintiffs have argued that by "fail[ing] to adequately communicate to Nurse Pilarski the symptoms [Decedent Shane Bays] was experiencing so that proper treatment could be provided" and "fail[ing] to use the other resources available to her . . . . Sigler took it upon herself to diagnose and treat [Bays]" in contravention of the referral policy. (*Id.* at Pg. ID 600.) This, Plaintiff argued, evidenced Sigler's deliberate indifference. (*Id.*)

In its opinion and order, the court acknowledged that "the risk of constitutional violations posed by nurses who lack the essential knowledge, tools, preparation, and authority to respond to the recurring medical needs of prisoners in the jail setting" could be found by a jury to be so obvious that a municipality or county's failure to provide adequate training and supervision to those nurses constituted deliberate indifference to that risk. (Dkt. # 55, Pg. ID 1432 (citing *Shadrick*, 805 F.3d at 739-40.) However, Sigler's familiarity with the referral policy meaningfully distinguishes the circumstances here from those in *Shadrick*, in which the lack of training and supervision was "clearly evidenced by the blanket inability of the LPN[s] . . . to identify and discuss the requirements of [the employer-defendant]'s written policies governing their work." 805 F.3d at 740. The Sixth Circuit also pointed to supervisors' testimony that no effort was made to teach or enforce relevant policies, including evidence of an undocumented custom of providing medical assistance only if requested, in violation of the written

3

policies. (*Id.* at 740-41.) Based on all of this, the Sixth Circuit concluded that the municipal defendant provided, in effect, no training. (*Id.*)

In contrast, the uncontested record here suggests that Sigler was familiar with policies and procedures for securing a variety of types of medical treatment. (Dkt. # 49-6, Pg. ID 1149-51.) Plaintiffs point to no evidence suggesting that there was not a referral policy or that employees were generally unaware of it. Sigler specifically testified to the processes for securing both non-emergency and emergency mental health treatment. (*Id.*, Pg. ID 1151-52.) Further, Sigler actually did schedule an appointment for Bays with Nurse Pilarksi—though her actions in this regard may have been "woefully inadequate" as discussed in the court's prior order (Dkt. # 55, Pg. ID 1423-24 (citing, *inter alia*, *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976))), they at least demonstrate the existence of a referral policy, of which Sigler was aware.

As a result, unlike in *Shadrick*, no reasonable jury could conclude that the county provided no training to its jail nurses regarding their legal duties to avoid violating prisoners' rights in the provision of medical care. As Plaintiffs' recognize, because Sigler was not qualified to provide the kind of mental health treatment that Bays requested and needed, the jail's policy was for Sigler to refer Bays to Pilarski and CMH for treatment decisions. (Dkt. # 44, Pg. ID 599.) As Sigler was familiar with this policy, evidence in the record suggests that the county provided at least some training regarding her role in securing adequate treatment. Thus, the county adopted a policy for the provision of requested and needed medical care, including emergency mental health treatment, and trained Sigler regarding her role. Without more, that Sigler was not trained or qualified to

act outside of her role demonstrates nothing relevant to the question of deliberate indifference on the county's part.

Sigler's deposition statements that she was not trained to diagnose or treat mental illness are insufficient under the circumstances to meet Plaintiff's burden of providing more than a "scintilla" of evidence in support of their claim that the county acted with deliberate indifference. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Plaintiff's motion does not demonstrate a palpable defect in the court's reasoning, and must be denied. *See* E.D. Mich. LR 7.1(h)(3). Accordingly

IT IS ORDERED that Plaintiffs' Motion for Reconsideration (Dkt. # 56) is DENIED.

    /s/ Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 20, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 20, 2017, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522