**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BARBARA BAYS, *et al.*,

     Plaintiffs,

v.                                   Case No. 15-10534

MONTMORENCY, COUNTY of, *et al.*,

     Defendants.

_____/

**OPINION AND ORDER STAYING CASE PENDING APPEAL**

In its Opinion and Order Resolving Cross-Motions for Summary Judgment, the court granted summary judgment to all Defendants save Defendant Nurse Donna Sigler. (Dkt. # 55.) The court found that, viewing the record in the light most favorable to Plaintiffs, a reasonable jury could conclude that Defendant Sigler had acted with deliberate indifference to Plaintiff's clearly established right to receive requested, necessary medical care. Accordingly, the court determined that Defendant Sigler was not entitled to qualified immunity. (*Id.* at Pg. ID 1427.) Defendants have appealed this determination. (Dkt. # 59.)

Before the court is Defendants' Motion for Stay of Proceedings During Appeal. (Dkt. # 62.) Plaintiffs filed a response, (Dkt. # 63), to which Defendants replied, (Dkt. # 64). During an informal telephone conference, held January 11, 2017, the court asked Defendants to submit a supplemental more clearly stating the issue on appeal. Defendants filed their supplement, (Dkt. # 65), and Plaintiffs replied, (Dkt. # 66.) The court has reviewed the briefs and finds a hearing unnecessary. E.D. Mich. LR 7.1(f)(2).

The power to stay proceedings ordinarily lies within the sound discretion of the trial court. *F.T.C. v. E.M.A. Nationwide Inc.*, 767 F.3d 611, 626-28 (6th Cir. 2014). However, a denial of a motion for summary judgment based on qualified immunity is immediately appealable, *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994), and trial courts are obliged to stay proceedings when Defendants properly appeal the trial court's denial of qualified immunity, *Kennedy v. City of Cleveland*, 797 F.3d 297, 299 (6th Cir. 1986). Because qualified immunity is an entitlement to "immunity from suit rather than a mere defense to liability[,]" this rule applies even when the court's denial is based on the existence of material fact disputes, as it is here. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). In essence, if Defendants' appeal is based on an "abstract issue of law relating to qualified immunity," then Defendants are entitled to a stay of proceedings pending the outcome of their appeal. *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996) (noting that "typically, the issue [on appeal is] whether the federal right allegedly infringed was 'clearly established'") (quoting *Johnson v. Jones*, 515 U.S. 304, 316 (1995)) (internal quotation marks omitted).)

In its summary judgment order, the court determined, "[t]he Sixth Circuit has clearly established that if a prisoner asks for and needs medical care — including general 'psychological help' — it must be supplied, and failure to do so may constitute deliberate indifference in violation of the Fourteenth Amendment." (Dkt. # 55, Pg. ID 1417 (quoting *Danese v. Asman*, 875 F.3d 1239, 1244 (6th Cir. 1989) (internal quotation marks omitted).) The court then explained that to show a 14th Amendment violation based on deliberate indifference, "Plaintiffs must prove that, objectively, Bays had a 'serious medical need' and that, subjectively, each individual Defendant had 'a

2

sufficiently culpable state of mind' with respect to his condition." (*Id.* at Pg. ID 1418

(quoting *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005)).) In setting out the

"sufficiently culpable mental state" prong, the court relied on *Gunther v. Gastineta*, 561

Fed. Appx. 497, 502 (6th Cir. 2014), to find that the relevant question was whether

Defendant Sigler "inferred a substantial risk of harm" to Bays and "disregarded that

risk." (Dkt. # 55, Pg. ID 1420.)

From the court's reading of Defendant's supplemental brief, Defendant intends to

argue that the court erred in its determination that the relevant inquiry for whether

Defendant Sigler had a "sufficiently culpable mental state" is whether she inferred a

"substantial risk of harm" to Bays resulting from his mental health issues rather than

whether she inferred a substantial risk of suicide. In its order, the court explicitly rejected

Defendants argument, reasoning:

> "Inmates with mental health issues can present a serious risk of harm
> even if they are not suicidal. For instance, a delusional inmate could
> believe that he had the ability to fly, run through walls, or dodge bullets.
> Such an inmate, though not suicidal, would have mental health issues that
> posed a serious risk to his health. . . . Importantly, Plaintiffs do not allege a
> failure to screen for suicide risk but a failure to provide requested — and
> needed — treatment for severe mental health issue. Bays's eventual
> suicide is not the basis of the alleged constitutional violation, but a result
> of it."

(Dkt. # 55, Pg. ID 1421.) The court finds that whether it applied the correct standard in

determining that there was sufficient evidence to raise a triable issue of fact is an

"abstract issue of law relating to qualified immunity" within the meaning of *Behrens*, 516

U.S. at 312.

Second, Defendants seek to appeal the court's conclusion that Defendant

Sigler's course of conduct could be found to be such cursory or woefully inadequate

treatment as to amount to not treatment at all. (Dkt. # 65, Pg. ID 1507-08.) As the court

has already determined that Defendants' primary argument raises an "abstract issue of

law relating to qualified immunity[,]" it need not address Defendants' second argument.

*See Kirby v. Duva*, 530 F.3d 475, 480-81 (holding that the Sixth Circuit "may simply

ignore defendants' attempts to dispute plaintiffs' version of the facts, 'obviating the need

to dismiss the entire appeal for lack of jurisdiction'") (quoting *Estate fo Carter v. City of*

*Detroit*, 408 F.3d 305, 310 (6th Cir. 2005)). Accordingly,

IT IS ORDERED that Defendant's Motion for Stay of Proceedings During Appeal

(Dkt. # 62) is GRANTED. The case is STAYED pending the resolution of Defendant

Sigler's interlocutory appeal.

IT IS FURTHER ORDERED that the Clerk of Court is directed to

ADMINISTRATIVELY CLOSE this case for statistical purposes only. Nothing in this

order or in the related docket entry shall be considered a dismissal of this matter. Upon

receipt of a motion to lift the stay following the appeal, the court may order the Clerk to

reopen this case.

                                           /s/ Robert H. Cleland
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated:  February 8, 2017


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, February 8, 2017, by electronic and/or ordinary mail.

                                           S/Shawna C. Burns
                                           Case Manager and Deputy Clerk
                                           (810) 984-2056

Q:\Cleland\JUDGE'S DESK\C1 ORDERS\15-10534.BAYS.stay.appeal.TLH.wpd